### SAMUEL VEAZIE *versus* CITY OF BANGOR.

Where the plaintiff agreed in writing with the defendants, to keep certain specified roads in good repair, for the term of three years, "to the acceptance and approval of the mayor and the joint standing committee on streets and highways for the time being :" — *Held,*

1. That such "acceptance and approval" was a condition precedent to any right to recover payment;

2. That the use of the roads by the public was no acceptance or waiver on the part of the city; and

3. That the plaintiff cannot recover, either under a count on the special contract, or on *quantum meruit*, without procuring, or attempting to procure, such acceptance and approval.

If there be any legal objection to the Court, it should be seasonably made; and proceeding to trial without objection, if known, is a waiver of it.

ON EXCEPTIONS from *Nisi Prius*, KENT, J., presiding. ASSUMPSIT.

The action was before this Court in 1863. *Vide* 51 Maine, 509.

The writ contained a count upon the contract, and also a *quantum meruit*.

Since the former trial, the plaintiff amended his count

upon the contract, in accordance with the opinion of the Court, as reported above. After the plaintiff's testimony was all in, there being no evidence that he ever procured or attempted to procure an acceptance and approval of the roads according to the contract, the presiding Judge, on motion, ordered a nonsuit, and the plaintiff excepted.

*Knowles & McCrillis,* for the plaintiff.

*Rowe & A. L. Simpson, City Solicitor,* for the defendants.

DAVIS, J. — Upon the plaintiff's evidence in this case a nonsuit was ordered by the Court. It is suggested in argument that the Judge presiding at the trial was interested, and was therefore incompetent to act. No question of that kind appears to have been raised, by plea, or motion. If there was any legal objection to the Court, it should have been seasonably stated; and proceeding to a trial without so doing, if it was known, was a waiver of it. Nothing is before us except what appears by the bill of exceptions; and no question of competency or jurisdiction is therein presented.

In our former opinion authorities were cited sustaining the position, that if a person wilfully or purposely neglects or fails to perform a contract made by him, he cannot recover anything for a partial performance. Nothing less than an intention, in good faith, to perform it, according to its terms, will enable him, in case of failure, to recover the value of what he has done, deducting the damages caused by any deviation on his part. *Bonesteel* v. *City of New York,* 6 Bosworth, 550. This question has recently been before the Supreme Court of the United States; and the doctrine stated was there sustained. *Dermott* v. *Jones,* 2 Wallace, 1.

The plaintiff agreed to keep certain specified roads in good repair for the term of three years, "to the acceptance and approval of the mayor and the joint standing committee

on streets and highways for the time being." This was a substantive part of his contract. The mayor and committee were not parties to the contract, but were persons agreed upon by the parties to decide whether the roads had been kept in good repair. Their acceptance and approval was a stipulated condition precedent to any right to recover payment. The use of the roads by the public was no acceptance or waiver on the part of *the city*. The plaintiff having never procured, nor attempted to procure, such acceptance and approval, the nonsuit was properly ordered.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, KENT and WALTON, JJ., concurred.